IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH RAY MARSHALL                                    PETITIONER

vs.                    Civil Case No. 5:08CV00173 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Kenneth Ray Marshall, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  According to the Arkansas Court of Appeals' decision denying Petitioner's direct appeal, he entered a guilty plea on October 7, 2005, to two counts of theft of property and one count of breaking or entering, and he was placed on probation for two consecutive five-year periods.  As part of the conditions of

2

his probation, Petitioner agreed not to use any controlled substance and not to commit a criminal offense punishable by imprisonment.  On October 12, 2005, the State filed a petition to revoke his probation, alleging he used cocaine on October 10, 2005, and October 11, 2005, and that he committed the crimes of commercial burglary and theft of property on October 11, 2005. Respondent's Exhibit A, p. 1.  The state court revoked his probation on October 14, 2005, and he received an aggregate sentence of thirty-five years imprisonment.  The Arkansas Court of Appeals affirmed the revocation of probation on November 15, 2006, (Respondent's Exhibit A) and Respondent asserts the court issued its mandate on December 5, 2006 (Response to Petition, DE # 9, p. 4).

Petitioner filed a motion for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on February 12, 2007, (see documents attached to Petition) which the trial court denied on December 14, 2007.  He failed to file a timely appeal from that order, but he filed a motion for a belated appeal on January 22, 2008.  The Arkansas Supreme Court denied the motion on May 1, 2008, finding he had not timely filed his Rule 37 petition in circuit court.  Respondent's Exhibit B.  Petitioner asserts he now has pending a state petition for a writ of habeas corpus.

In the present proceeding, Petitioner raises the following grounds for relief:

1.  His conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest;

2.  His conviction was obtained by the use of a statement by Petitioner taken in violation of his privilege not to incriminate himself;

3.  He was denied the effective assistance of counsel at trial and

4.  His sentence was enhanced by a charge that was never officially filed.

Respondent admits Petitioner is in his custody pursuant to his 2005 convictions and sentences and that he has no non-futile state remedies available to him, but he contends the petition is barred by the statute of limitations in 28 U.S.C. § 2244(d)(1), and that all of Petitioner's claims are procedurally barred.  In reply to the Response, Petitioner filed a "Motion for Stay in Proceedings to Allow the State of Arkansas Time to Adjudicate Pending State Remedy Proceedings" (DE # 15) and a Motion to Withdraw Petition (DE #16). In his motion to withdraw, Petitioner seeks to withdraw his motion to stay and asks the court to dismiss the petition without prejudice.  In his motion to stay, he indicated he wished to pursue a ruling on the pending state habeas petition and to pursue a belated Rule 37 petition.

A federal district court has the discretion in limited circumstances to stay a timely "mixed" petition in order for a petitioner to return to state court to exhaust his unexhausted

claims.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005)(holding district court has discretion to stay a habeas proceeding only where there is good cause for petitioner's failure to exhaust claims first in state court, where claims are not plainly meritless and where petitioner has not engaged in abusive litigation tactics or intentional delay).  In the present case, the court does not have the discretion to issue a stay, because the petition is untimely under § 2244(d)(1).  See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)(holding petitioner must exhaust state remedies before the expiration of the limitations period in § 2244(d)).

The court accepts Respondent's assertion[1] that the Arkansas Court of Appeals issued its mandate on December 5, 2006, and Petitioner's conviction became final that date.[2]   Under §

---

[1]  Respondent did not furnish the court with documentation, such as a docket sheet, in support of his assertion that the mandate issued on this date.  The court can accept this unverified factual assertion by counsel in Respondent's brief in this case only because Petitioner does not dispute it.

[2]  The court assumes without deciding that Riddle v. Kemna, 523 F.3d 850, 857-58 (2008), applies to Arkansas petitioners, and the convictions of defendants whose direct appeals are decided in the Arkansas Court of Appeals and who do not seek review in the Arkansas Supreme Court final when the Arkansas Court of Appeals issues its mandate.  See Puckett v. Norris, 2007 WL 2382009 (E.D. Ark. August 17, 2007).  There is no need to decide the issue here, because, even if Riddle does not apply in Arkansas, and Petitioner's conviction was not final until the passage of the ninety-day period for seeking certiorari in the United States Supreme Court, see U.S.Sup.Ct.R. 13.1; Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc); Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), his

2244(d)(1),[3] he was required to file his federal habeas petition within a year, or no later than December 5, 2007.  He did not file the petition until June 12, 2008, over six months past the deadline.

Petitioner's state post-conviction proceedings did not toll the running of the one-year period under § 2244(d)(2),[4] because his

_____

petition is still untimely.

[3]  That statute provides as follows:

(d)(1).  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[4]  That statute provides as follows:

(D)(2).   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

Rule 37 petition was not timely under Arkansas law (Respondent's Exhibit B), see Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"), and an untimely petition is not "properly filed" under the statute.  Id. at 417.

Petitioner has not asserted he is entitled to equitable tolling, but he does state in his motion for a stay that his Rule 37 petition was filed late because he was "deathly ill from a life-threatening and chronic illness," and he was hospitalized for nearly the entire sixty-day period allowed for filing petitions under Rule 37.  The Arkansas Supreme Court noted that Petitioner asserted this in his Rule 37 motion as cause for the delay in filing, but found that, since the time limitations in the Rule are jurisdictional, the trial court could not consider an untimely motion, regardless of the reason for the delay.  Respondent's Exhibit B, p. 2.

I find that, for purposes of establishing extraordinary circumstance that would entitle Petitioner to equitable tolling, see Pace v. DiGuglielmo, 544 U.S. at 418, his allegations are conclusory at best.  Furthermore, even if the court were to find equitable tolling was applicable to the sixty day period he was

---

pending shall not be counted toward any period of limitation under this subsection.

allegedly incapacitated, in addition to the ninety-day period for seeking certiorari, see footnote 2, supra, his petition would be untimely because it was filed over six months past the deadline. Because the petition is untimely, Petitioner's motion for a stay (DE # 15) and his motion to withdraw petition (DE #16) must be denied, and the court will enter judgment for Respondent.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 10th day of September, 2008.

_Henry L. Jones, Jr._
United States Magistrate Judge